property bona fide paid in for stock or shares prior to March 3, 1917, in an amount not exceeding (a) the actual cash value of such property at the time paid in; (b) the par value of stock or shares issued therefor, or (c) in the aggregate 25 per centum of the par value of the total stock or shares of the corporation outstanding on March 3, 1917, whichever is lowest.

This section clearly contemplates a showing of actual value of intangibles claimed as invested capital. Evidence of such value is lacking in this case. The evidence offered in the form of the resolution of the board of directors appraising the property acquired is insufficient, standing alone, to establish either the existence of good will or the value thereof for invested purposes. The provision of section 55 of the New York stock corporation law making the appraisal of the value of the property by the board of directors conclusive, is intended to protect stockholders where outstanding stock of the corporation is not fully paid in, and can not be accepted as conclusively establishing the actual cash value of the asset good will at the time paid in, as required by section 326(a) (4) of the Revenue Act of 1918. The Revenue Act contemplates the existence of facts upon which the value of good will can be determined. In the absence of facts sufficient to enable us to determine the actual cash value of the good will the disallowance thereof in invested capital by the Commissioner must be approved.

---

**Appeal of S. A. CUNNINGHAM.**                    **Docket No. 275.**

Taxpayer's deficiency in tax for the year 1920 determined at $1,761.27.

Submitted December 1, 1924; decided December 11, 1924.

*George M. Morris, Esq.,* for the taxpayer.

*Arthur H. Fast, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, and TRAMMELL.

#### FINDINGS OF FACT.

This appeal came on for hearing on November 13, 1924, at which hearing it appeared that the only issues in the case were questions of fact comparatively easy of solution by both the taxpayer and the Commissioner.

By consent of both parties a continuance was granted to afford the taxpayer and the Commissioner an opportunity to stipulate the facts and the resulting computation of the deficiency in tax due from the taxpayer for the year 1920.

On December 1, 1924, a stipulation was duly filed with the Board that the correct deficiency in the tax for the year 1920 was $1,761.27.

#### DECISION.

The Board determines that the amount of the said taxpayer's deficiency for the year 1920 is $1,761.27.